**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FARRELL RAY JONES,

      Petitioner–Appellant,

v.

JUSTIN JONES, Director,

      Respondent–Appellee.

No. 09-6297
(D.C. No. 5:08-CV-01236-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Farrell Ray Jones requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

Jones was convicted in Oklahoma state court of first degree felony murder. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction. Jones then filed a § 2254 petition in federal district court, which was denied.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court further denied Jones' request for a COA.

A habeas petitioner must obtain a COA before he is permitted to appeal a district court's denial of relief. § 2253(c)(1)(A). We will grant a COA only if Jones can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Jones raises a single issue before this court[1]: He contends the OCCA applied an incorrect legal standard in rejecting his Confrontation Clause challenge. During trial, the prosecutor questioned Jones about his knowledge of statements made by a codefendant to police in an effort to show that Jones was "a little bit upset with" the codefendant. The prosecutor explained that he was attempting to establish a motive for Jones to blame the codefendant. Jones argued to the OCCA that this line of questioning violated his Confrontation Clause rights because the codefendant was not subject to cross examination. This claim was rejected by the OCCA, which cited a state case for the proposition that the Confrontation Clause does not prohibit the use of testimonial statements for purposes other than establishing the truth of the matter asserted.

To obtain habeas relief, Jones must show that the OCCA's adjudication of his

---

[1] Jones frames this issue as two separate arguments. He claims that the OCCA applied an incorrect legal standard and claims that, as a result, its determination is not entitled to deference. Because the first contention is incorrect, the second necessarily fails.

claim either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2). He has not done so. Under Crawford v. Washington, 541 U.S. 36 (2004), the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59 n.9; accord United States v. Faulkner, 439 F.3d 1221, 1226 (10th Cir. 2006). Further, the OCCA's determination that the prosecutor's questions were aimed at demonstrating motive rather than establishing the truth of the statements was reasonable.

Jones request for a COA is **DENIED** and the appeal is **DISMISSED**. Jones' motion for leave to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 3 -